**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

**UNITED STATES OF AMERICA,**

    **Plaintiff,**

**vs.**                                                                          **CR  No. 92-0486 JC**

**GABRIEL RODRIGUEZ AGUIRRE,**
**ELENO RODRIGUEZ AGUIRRE,**
**DELORAS CONTRERAS and**
**TONY BENCOMO,**

    **Defendants.**

## MAGISTRATE JUDGE'S PROPOSED FINDINGS
## AND RECOMMENDED DISPOSITION

This matter is before the Court on Defendants' Rule 41(e) Motion for the Return of Property, filed April 20, 2000.  This Motion was also docketed in the civil case styled *Gabriel Rodriguez-Aguirre v. United States,* CIV 98-1195 LH/LCS, consolidated with *Eleno Rodriguez-Aguirre v. United States,* CIV 98-1318 LH/LCS (CIV 98-1195), which arose out of Defendants Gabriel Rodriguez Aguirre and Eleno Rodriguez Aguirre's Motions to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody pursuant to 28 U.S.C. § 2255.  While Defendants' Rule 41(e) Motion was stricken from CIV 98-1195, it remains pending in the instant case.  On June 28, 2000, the Honorable LeRoy C. Hansen, the United States District Judge presiding in CIV 98-1195, referred Defendants' Motion to me pursuant to 28 U.S.C. § 636 (b)(1)(B).  I have considered the motion, the memorandum, the record herein, and the relevant law.   For the reasons stated, I propose finding that the Motion is not well taken and recommend that it be **DENIED**.

**PROPOSED FINDINGS**

1. In October 1992, a federal grand jury returned a twenty-three count indictment against Defendants and others with various drug, money laundering and related offenses. The original indictment was the subject of a lengthy jury trial. A mistrial was declared on July 12, 1994. In August 1994, the grand jury returned a superseding indictment naming Defendants and others with drug, money laundering and related offenses. On December 15, 1994, the jury found Defendants guilty on all counts of the superceding indictment. Defendants convictions were affirmed on appeal.

2. Contemporaneously with Defendants' arrests, the United States executed seizure warrants for fifty-one items of real property and the contents of that property and executed search warrants. Defendants, and others with interests in the property, were personally served with copies of a Complaint for Forfeiture *in rem* and Summons seeking forfeiture of the property in the case styled *United States of America v. Fifty-One Items of Real Property, et al.*, and numbered CIV 92-1155 JC (92-1155). The United States obtained judgments of forfeiture which forfeited and disposed of the property. Subsequently, the United States obtained forfeiture of seized race horses, cash, vehicles, and other property in the case styled *United States v. 247 Horses, et al.,* and numbered CIV 93-0102 JC (93-0102). Additional parcels of real property and a life insurance policy were forfeited in the case styled *United States v. Eighty Acres, et al.* and numbered CIV 95-0981 JC (95-0981).

3. In their Rule 41(e) Motion, Defendants seek the return of 127 items which they claim were seized, but not forfeited. Plaintiff argues, *inter alia*, that the Motion should be denied based on lack of standing and laches. Rule 41(e) provides that "[a] person aggrieved by ... the deprivation of property may move the district court for the district in which the property was seized for the return of the property on the ground that such person is entitled to lawful possession of the property."

Fed.R.Crim.P. 41(e).  "Rule 41(e) jurisdiction should be exercised with caution and restraint." *Floyd v. United States*, 860 F.2d 999, 1003 (10th Cir.1988).

4. Plaintiff argues that the Rule 41(e) Motion should be denied because Defendants lack Article III standing.  Standing is the threshold inquiry for entry into federal court "because of the constitutional limitation of federal court jurisdiction to cases and controversies." *United States v. $321,470.00 in U.S. Currency*, 874 F.2d 298, 302 (5th Cir.1989).  In order to demonstrate standing to assert a claim to seized property, a party must first demonstrate an ownership interest in the seized item sufficient to satisfy the court of its standing to contest the forfeiture. *See United States v. $364,960.00 in U.S. Currency*, 661 F.2d 319, 326 (5th Cir.1981).  Both an allegation of ownership and some evidence of ownership are required to establish standing sufficient to contest a civil forfeiture. *See Torres v. $36,256.80 in U.S. Currency*, 25 F.3d 1154, 1157-58 (2d Cir.1994).

5. In this case, Defendants offer only a list of vaguely described property contained in Gabriel Rodriguez-Aguirre's Declaration Regarding Unforfeited Personal Property.  They offer no indicia of ownership, other than Gabriel Rodriguez Aguirre's unsupported declaration that either he or his relatives own the property.  (Decl. at 2.)  A conclusory allegation of ownership in vaguely described property is insufficient to confer standing to assert a claim for the property.  Defendants' Rule 41(e) Motion should be denied because they have failed to demonstrate standing.

6. Plaintiff's argument that laches bars the Rule 41(e) is equally well-taken.  Rule 41(e) is an equitable remedy available only to a defendant who can show irreparable harm and an inadequate remedy at law. *See Clymore v. United States*, 164 F.3d 569, 571 (10th Cir.1999).  "[H]e who seeks equity must do equity." *Herald Co. v. Seawell*, 472 F.2d 1081, 1099 (10th Cir.1972).  Defendants waited for over seven and a half years before filing their Rule 41 (e) Motion.  Defendants' seek to

excuse this inordinate delay by pointing out that they were engaged in litigation and that the quantity of property seized was extensive. The fact that they were engaged in litigation is unpersuasive. Defendants were represented by counsel during the entire relevant period and filed challenges in the civil forfeiture cases. Gabriel Rodriguez Aguirre and Eleno Rodriguez Aguirre's criminal cases have been finalized since 1997. The amount of property seized does not explain or excuse a seven year delay. The protracted delay in the filing of Defendants Rule 41(e) Motion is unexplained, unjustified and inexcusable. Under these circumstances, Defendants' Rule 41(e) Motion should be denied based on the equitable doctrine of laches.

## RECOMMENDED DISPOSITION

I recommend that Defendants' Rule 41(e) Motion for the Return of Property, filed April 20, 2000, be **DENIED**.

Timely objections to the foregoing may be made pursuant to 28 U.S.C. §636(b)(1)(C). Within ten days after a party is served with a copy of these proposed findings and recommendations that party may, pursuant to §636(b)(1)(C), file written objections to such proposed findings and recommendations with the Clerk of the United States District Court, 333 Lomas Blvd. NW, Albuquerque, NM 87102. A party must file any objections within the ten day period allowed if that party wants to have appellate review of the proposed findings and recommendations. If no objections are filed, no appellate review will be allowed.

_____
**LESLIE C. SMITH**
**UNITED STATES MAGISTRATE JUDGE**