IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

        Plaintiff,

vs.                                                     No. CR 92-0486 JC

GABRIEL RODRIGUEZ-AGUIRRE,
ELENO AGUIRRE, DOLORES
CONTRERAS and TONY BENCOMO,

        Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Defendants' Notice of Non-consent to Trial by Magistrate and Motion for Clarification of Magistrate's Authority to Hear Summary Judgment Motions with Regard to Defendants' Rule 41(e) Action (Doc. 1674), filed April 22, 2002. The Court, having reviewed the motion, the memoranda and all relevant legal authority, finds that the Order of Reference of June 28, 2000 should be withdrawn and that Defendants' Notice of Non-consent should be **DENIED AS MOOT.**

On June 28, 2000, the Honorable C. Leroy Hansen, United States District Judge, referred Defendants' Rule 41(e) Motion to the Honorable Leslie C. Smith, United States Magistrate Judge (Doc. 1601). On July 19, 2000, Judge Smith issued proposed findings and recommended disposition, recommending that Motion be denied based on lack of standing and laches. (Doc. 1603). Defendants subsequently filed objections (Doc. 1607). On August 17, 2000, this Court overruled Defendants' objections, adopted Judge Smith's proposed findings and recommended disposition, and denied Defendants' Rule 41(e) Motion (Doc. 1610). Defendants appealed (Doc. 1611). On September 5, 2001, the Tenth Circuit reversed and remanded. *See United States v. Rodriguez-Aguirre*, 264 F.3d

1195 (10th Cir. 2001).

In their Notice of Non-consent, Defendants question whether the Rule 41(e) motion was ever referred to Judge Smith, or whether it was "mistakenly assumed to have been referred because of the related §2255 proceedings." (Doc. 1674) The record establishes that the Rule 41(e) Motion was referred to Judge Smith pursuant to 28 U.S.C. § 636(b)(1)(B) "to conduct hearings, if warranted, including evidentiary hearings, and to perform any legal analysis required to recommend to the Court an ultimate disposition of this case." (Doc. 1601) Pursuant to this authority, Judge Hansen referred the Rule 41(e) Motion to Judge Smith. Judge Smith's actions in this matter, thus, were taken pursuant to a valid Order of Reference and were not based on any mistaken assumptions.

Defendants argue that their consent is required to validate this Court's referral to Judge Smith. Defendants are mistaken. Pursuant to 28 U.S.C. § 636 (b)(1)(B), the district court may refer any matter excepted by Section 636(b)(1)(A), applications for post-trial relief, and prisoner conditions challenging the conditions of confinement. *See* 28 U.S.C. § 636 (b)(1)(B). Matters excepted by §636(b)(1)(A) include motions for injunctive relief and dispositive motions. *See* 28 U.S.C. § 636 (b)(1)(A). Defendants concede that their Rule 41(e) Motion is an equitable civil action. The referral called for Judge Smith to recommend an ultimate disposition of the case subject to my *de novo* review. Under these circumstances, the referral is clearly authorized by 28 U.S.C. § 636 (b)(1)(B). In addition, referral of the Rule 41(e) Motion would be valid under the additional duties clause of Section § 636 (b)(3), as there is no indication that the referral was inconsistent with the Constitution or laws of the United States. *See* 28 U.S.C. § 636 (b)(3). Under either subsection, the Order of Reference June 28, 2000 was a valid exercise of statutory authority. Judge Smith acted appropriately in addressing the Rule 41(e) Motion.

Defendants observe that they have "already made one trip to the Court of Appeals and back"

and assert that their Rule 41(e) Motion "deserves the attention of an Article III judge." (Doc. 1674) Defendants should recall that they receive *de novo* review by an Article III judge if they file objections to any report and recommendation issued by Judge Smith. Based on the circumstances of this case, however, and in the interests of judicial economy, I find that the Order of Reference of June 28, 2000 should be withdrawn and that this Court should decide Defendants' Rule 41(e) Motion.

Wherefore,

**IT IS ORDERED** that the Order of Reference of June 28, 2000 is hereby **WITHDRAWN.**

**IT IS FURTHER ORDERED** that Defendants' Notice of Non-consent to Trial by Magistrate and Motion for Clarification of Magistrate's Authority to Hear Summary Judgment Motions with Regard to Defendants' Rule 41(e) Action (Doc. 1674), filed April 22, 2002, is **DENIED AS MOOT.**

DATED June 3, 2002.

_____
**SENIOR UNITED STATES DISTRICT JUDGE**

Attorney for Government:

    Steven Kotz, AUSA
    Albuquerque, New Mexico

Attorney for Defendants:

    Brenda Grantland, Esq.
    Mill Valley, California